UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

OLIVER PRODUCTS COMPANY,
a Michigan corporation,

        Plaintiff,

v.

FOREWAY MANAGEMENT
SERVICES, INC., a Michigan
corporation, and SCHNEIDER
NATIONAL, INC., a Wisconsin
corporation,

        Defendants.
_____/

Case No. 1:06-CV-26

Hon. Richard Alan Enslen

**ORDER**

      Today's lawsuit asks the question of whether a transportation broker may be sued for damage to goods in transit when a shipper sends medical-grade Tyvek and the freight company enlisted by the broker transports it on a trailer filthy with printing toner. Fortunately, the case law and statutory guidance on this question are far cleaner than the transport trailer.

      Plaintiff Oliver Products Company (the shipper) has brought this suit for breach of contract against Defendant Foreway Management Services, Inc. (the transportation broker), as well as federal law claims against Defendant Schneider National, Inc. (the freight company). The broker has moved to dismiss the breach of contract claims on the grounds that the 1906 Carmack Amendment to the Interstate Commerce Act of 1887 (now codified at 49 U.S.C. § 14706) precludes broker liability for damage to goods in transit. *See Adams Express Co. v. E.H. Croninger*, 226 U.S. 491, 505-07 (1912) (interpreting the carrier liability provisions as preempting state law claims against carriers).

Under Rule 12(b)(6), the district court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004); *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 562 (6th Cir. 2003). The allegations must be construed in the plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228-29 (6th Cir. 1997); *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). Rule 12 requires only a "short and plain statement of the claim" and not detailed allegations. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993).

Defendant's argument stripped of its flourishes, is that the Carmack Amendment preempts state common law claims against a transportation broker for damages to goods in transit. While federal courts, including the Supreme Court, have applied preemption to carrier cases because the Carmack Amendment intended uniform liability in such cases, they have not applied this doctrine to transportation brokers. Indeed, such an extension is at odds with the express language of the savings clause–49 U.S.C. § 13103. It provides, "Except as otherwise provided in this part, the remedies provided under this part are in addition to remedies existing under another law or common law." In other words, the default rule is that a common law claim against a broker (such as a claim for breach of contract or negligence) is not preempted absent specific statutory language to the contrary. Is there specific statutory language which precludes common law suit against a transportation broker? No. The statute and regulations give some definitions for the purpose of defining a carrier's mission and liabilities, but do not specifically limit or preempt the common law

liability of a transportation broker for breach of contract.  This is the holding of cases such as *Commercial Union Ins. Co. v. Forward Air, Inc.*, 50 F. Supp. 2d 255, 257-59 (S.D.N.Y. 1999), *Hewlett-Packard Co. v. Brother's Trucking Enterprises, Inc.*, 373 F. Supp. 2d 1349, 1352-53 (S.D. Fla. 2005) and the cases cited therein.

Thus, examples of common law liability for brokers include suits against brokers for breach of contract/negligence regarding the selection of the carrier or conveyance of instructions as to the delivery of goods.  *See id.*  The instant Complaint is a general one and is consistent with these possible theories of liability.  *See Leatherman, supra*.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Foreway Management Services, Inc.'s Motion to Dismiss (Dkt. No. 5) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>        May 24, 2006 |  /s/ Richard Alan Enslen         <br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |